UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DALE KEEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) Cause No. 2:04-CV-206 PS |
| vs. | ) |
| | ) |
| CECIL DAVIS, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On May 20, 2004, *pro se* petitioner Dale Keen, an inmate at the Indiana State Prison ("ISP") in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. § 2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on April 29, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner did not file a traverse. Because Keen's petition is untimely pursuant to 28 U.S.C. §2244(d)(1), the petition is hereby denied.

On October 20, 2000, the Indiana Court of Appeals affirmed Keen's conviction in his direct appeal. Because Keen's transfer to the Indiana Supreme Court was returned because it was one day late, that conviction became final on January 28, 2001 when his time within which to seek certiorari expired. On December 11, 2001, and with only 48 days remaining on his one year in which to file a petition for writ of habeas corpus, Keen filed a petition for post conviction relief.  The Indiana Court of Appeals affirmed the denial of the petition on January 12, 2004. The Indiana Supreme Court denied transfer on February 25, 2004. Keen's petition for writ of habeas corpus was signed on May 14, 2004.

Keen's petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. *See* 28 U.S.C. §2244(d)(1). The one-year statute of limitations begins to run from the latest of several events. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

For purposes of calculating the limitation period, the Court must determine when Keen's direct criminal appeal was, or would have been, concluded. Keen's judgment of conviction became final on January 28, 2001, when the time to seek certiorari review expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). He had until January 29, 2002 to file his petition for writ of habeas corpus, or a state petition for post conviction relief which would toll the statute of limitations. Keen did file his post conviction petition on December 11, 2001. The proceedings in the state post conviction court ended on February 25, 2004 when the Indiana Supreme Court denied transfer. By the time he filed this petition, he had missed the statute of limitations by 52 days. Accordingly, Keen's petition for writ of habeas corpus is untimely and his claims are time-barred.

For these reasons, this petition is **DENIED**.

**SO ORDERED.**

Entered: August 15, 2005

                                              s/ Philip Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT